Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 6806 | DATE | 6/28/2001 |
| CASE TITLE | TRUSERVE CORPORATION vs. ST YARDS, INC. d/b/a ECONOMY LUMBER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth above TruServ's motion for summary judgment is hereby granted. (#28). Judgment is entered in favor of TruServ and against Jimmy & Jayne Pleasent. The captioned case is hereby terminated. This is a final and appealable order. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 29 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 30 |
| | Mail AO 450 form. | FILED FOR DOCKETING 01 JUN 28 PM 2:49 | docketing deputy initials |
| | Copy to judge/magistrate judge. | | date mailed notice |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSERV CORPORATION (for itself and as successor-in-interest to Servistar Coast to Cost to Coast Corporation) | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 99 C 6806<br>Judge Ronald A. Guzman |
| ST YARDS, INC. D/B/A/ ECONOMY LUMBER, ALLAN BUTCHER, JIMMY PLEASANT, JAYNE PLEASANT, WESLEY EGGLESTON, ANN EGGLESTON, BARRY WILLIS and MARGARET WALLIS, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff TruServ Corporation's (for itself and as successor-in-interest to Servistar Coast to Coast Corporation)("TruServ") motion for summary judgment against Jimmy Pleasant and Jayne Pleasant ("the Pleasants") pursuant to Fed. R. Civ. P. 56. For the reasons set forth below this motion is granted (#26-1).

## BACKGROUND FACTS

Local Rule 56.1 requires the moving party on a motion for summary judgment to submit a statement of undisputed facts with citations pointing to the record. In turn, the non-movant must submit:

a concise response to each numbered paragraph in the moving party's statement,

1

> including, in the case of any disagreement, specific references to the affidavits, parts of the record and other supporting materials relied upon, and, a statement consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

LR 56.1(b)(3)(A)-(B). More importantly, Local Rule 56.1 dictates that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." LR 56.1(b)(3)(B).

Customarily, the court must view the facts and all reasonable inferences therefrom in favor of the non-movant on a motion for summary judgment. However, the Seventh Circuit has intimated that where a party fails to comply with the standard of Local Rule 56.1, the court "depart[s] from [its] usual posture of construing all facts in favor of the non-moving party; rather [it] accept[s] as true all material facts contained in [the LR 56.1)(a) statement." *Johnson v. Gudmundson,* 35 F. 3d 1104, 1108 (7th Cir. 1994). The Pleasants have failed to submit a response to TruServ's statement of undisputed facts. Accordingly, pursuant to Local Rule56.1(b)(3)(B), we take as true all material facts contained in TruServ's Rule 56.1(a) statement that were supported by citations to the record. *See Waldridge v. American Hoechst Corp.,* 24 F. 3d 918, 922-24 (7th Cir. 1994); *see also Bradley v. Work,* 154 F. 3d 704, 708 (7th Cir. 1998)(maintaining rigid compliance of Local Rule for summary judgment); *Wienco, Inc. v. Katahn Associates, Inc.* 965 F. 2d 565, 567-68 (7th Cir. 1992)(upholding strict enforcement of Local Rule 12(N)); *Schulz v. Serfilco, Ltd.,* 965 F. 2d 516, 519 (7th Cir. 1992)(listing cases).

Plaintiff TruServ corporation is a Delaware corporation qualified to do business in Illinois. TruServ is a cooperative organization with its principal place of business in Chicago, Illinois. As a cooperative, TruServ's "Members" such as Defendant Economy own over 99.9%

of TruServ's voting stock and voting power. TruServ is the wholesaler for True Value®, Coast to Coast® and Servistar® stores ("Members").

Prior to the July 1, 1997 merger between Cotter & Company ("Cotter") and Servistar Coast to Coast Corporation ("SCC"), Servistar stores each signed a "Retailer's Application for Membership and Membership Agreement" with SCC in order to use the Servistar® mark and to benefit from the group buying power, group billing procedures, and other benefits that TruServ offers its Members. Since the Merger, Members each signed a "Retail Member Agreement With TruServ Corporation" in order to use TruServ's marks and to benefit from the group buying power, group billing procedures, and other benefits that it offers its Members. As a result of the Merger, TruServ became the successor-in-interest to SCC.

TruServ, as an Illinois-based cooperative and does not retain the yearly profits made from the sale of merchandise and services to its Members. TruServ actually deducts the yearly operating expenses from its profits and distributes the remaining profits to its Members, based on their margins of each year's purchases. These profits are then paid, from Illinois, to each Member. Through their Membership in this Illinois-located cooperative, each Member directly benefits from the Illinois-centered operations of TruServ.

Defendant ST Yards d/b/a Economy Lumber (hereinafter "Economy") is a corporation that became a Member through a Membership Agreement with SERVISTAR® on July 3, 1995 which was accepted on July 18, 1995 (hereinafter "SSC Agreement"). Since July of 1995, Economy operated a SERVISTAR® store at Texarkana, Arkansas. Economy became a Member of TruServ on or about October 31, 1997, by entering into a Retailer Membership Agreement (hereinafter "TruServ Agreement"). Subsequently, Economy opened a new store in Queen City,

3

Texas.

Defendant Jimmy Pleasant was Secretary and Treasurer of Economy. On or about September 22, 1995, Defendants Jimmy and Jayne Pleasant signed a Personal Guaranty to induce TruServ to provide merchandise and services to Defendant Economy. On October 1, 1997, Jimmy and Jayne Pleasant, along with Allen Butcher, signed another personal guaranty at its Queen City, Texas location, to further induce TruServ to provide additional merchandise and services to Defendant Economy ("Queen City Guaranty"). The Queen City Guaranty contains an Illinois forum selection and choice of law clause. Economy remained a Member under both Agreements until May 28, 1999 when it was terminated for non-compliance with its Member Agreements.

On and prior to May 28, 1999, Economy ordered and received valuable merchandise and services from TruServ pursuant to the TruServ and SCC Member Agreements. TruServ fully performed its obligations under the TruServ and SCC Member Agreements. TruServ notified Defendants Jimmy and Jayne Pleasant in writing that Economy's accounts were past due and TruServ demanded payment from Defendants Jimmy and Jayne Pleasant. Economy refused to pay for the merchandise and services purchased for the Texarkana, Arkansas store in the amount of $152,144.24. Economy also refused to pay for the merchandise and services purchased for the Queen City, Texas store in the amount of $182,837.10. Under the terms of the Personal Guaranty, Defendants Jimmy and Jayne Pleasant guaranteed payment of all amounts due to TruServ by Economy for the Texarkana, Arkansas store. Under the terms of the Queen City Guaranty, Defendants Jimmy and Jayne Pleasant guaranteed payment of all amounts due to TruServ by Economy for the Queen City, Texas store.

On July 31, 2000, Defendant Allen Butcher on behalf of himself and Economy, entered into a Consent Judgment in this matter stipulating that a judgment in the sum of $336,981.34 shall be entered in favor of TruServ and against ST Yards and Allen Butcher. This amount in its entirety remains due and payable to TruServ. The Consent Judgment was certified on August 16, 2000 by the Honorable Marvin E. Aspen. Plaintiff has now moved for summary judgment against the Pleasants based upon the terms of the personal guaranties.

## DISCUSSION

Summary judgment is proper when the pleadings, depositions, admissions and affidavits on file, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2551 (1986). "Once the moving party has produced evidence to show that it is entitled to summary judgment, the party seeking to avoid such judgment must affirmatively demonstrate that a genuine issue of material facts remains for trial." *LINC Finance Corp. v. Onwuteaka*, 129 F. 3d 917 (7th Cir. 1997). For purpose of assessing personal jurisdiction over a nonresident defendant, "a Federal Court exercising diversity jurisdiction " is the functional equivalent of a State Court selling in the forum State." See *Wilson v. Humphreys Ltd.*, 916 F.2d 1239, 1243 (7th Cir. 1990).

### 1. FORUM SELECTION CLAUSE

It is undisputed that the Pleasants consented to the jurisdiction of the Illinois courts when they executed the Queen City Guaranty containing an Illinois forum selection clause. This clause expressly states:

"This guaranty shall be governed by and only interpreted according to the laws of

5

Illinois (with regard to principles of conflicts of law). The undersigned consent to the exclusive personal jurisdiction and venue of any federal or state court in Cook County or any Illinois county contiguous to Cook County, Illinois regarding any disputed involving this guaranty.

Illinois courts treat forum-selection clauses as prima facie valid and enforceable. *English Company v. Northwest Envirocon, Inc.*, 278 Ill. App. 3d 406, 410, 215 Ill. Dec. 437, 440 (2nd Dist. 1996). A party opposing enforcement of a forum-selection clause in Illinois must show litigation in Illinois would be so burdensome that there will be no real opportunity to litigate the issues in a fair manner and enforcement of the clause is tantamount to depriving the plaintiff access to the courts. *Whirlpool Corporation v. Certain Underwriters At Lloyd's London*, 278 Ill. App. 3d 175, 179, 214 Ill. Dec. 901, 904 (1st Dist. 1996).

It is undisputed that the Pleasants have not satisfied the standard set forth above. The Defendants do not deny signing the guaranties nor do they deny the fact that the Queen City Guaranty contains an Illinois forum selection clause. Furthermore, the Defendants have set forth no arguments or evidence that would invalidate this provision. Moreover, TruServ's Illinois forum -selection clause has held to be valid and enforceable. *Cotter & Company v. Crawbaugh True Value Hardware et. al*, No. 96c 4922, 1996 WL 732514, at * 4 (N.D. Ill. Dec 11, 1996).

Additionally, the Queen City Guaranty expressly states that it "guarantees absolutely and unconditionally, at all times, the payment unto you of any and all debts owed for goods, wares, inventory, merchandise and services, amounts due under any installment notes, and any other past debt or future indebtedness due from said Debtor." *Id.* page 1, para. 1. Thus, this guaranty and its forum selection clause governs all of the debt sued for here.

## 2. MINIMUM CONTACTS IN ILLINOIS

Even if the Court were to ignore the contractual forum-selection clause in the Queen City Guaranty, jurisdiction would still be proper in Illinois because the Defendants have maintained sufficient contacts to satisfy the requirements of the Illinois Long-Arm Statute (735 ILCS 5/2-209).

The Illinois Long-Arm statute, Section 5/2-209 provides, in relevant part, that:

> (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such persons, and , if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing any of such acts:
> (1) The transaction of any business within this State;
>
> (7) The making or performance of any contract or promise substantially connected with this State,
>
> (b) A court may exercise jurisdiction in any action arising within or without the State against any person who:
>
> (4) Is a natural person or corporation doing business within this State
>
> (c) A count may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Construction and the Constitution of the United States.
>
> (f) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him or her is based upon subsection (a). 735 ILCS 5/2-209 (West Group 1998)

Based upon these uncontested facts we find that Defendants' contact with Illinois is sufficient to establish personal jurisdiction. Illinois case law has clearly established that "a single act may well be sufficient to subject a Defendant to the jurisdiction of the Illinois courts," as it is

7

the quality of the contact between the act and the forum that is of primary importance. *United Air Lines, Inc., v. Conduction Corporation* 69 Ill. App.3d 847, 852, 387 N.E.2d 1272, 1276 (1st Dist 1979). See also *International Merchandising Associates, Inc., v. Lighting Systems, Inc.* (1978), 64 Ill. App.3d 346, 380 N.E.2d 1047. It is not necessary to focus on the actions taking place outside of Illinois, since the focus is on the *positive contacts* (emphasis supplied) between the Defendant and the State, rather than on the negative contacts. *United Air Lines*, 387 N.E.2d at 1276.

Subsequent cases support the holding in *United Air Lines*, as to the ability to obtain personal jurisdiction over a non-resident Defendant. *Autotech Controls Corporation v. K.J. Electric Corporation*, 256 Ill. App.3d 721, 628 N.E.2d 990 (1993) is instructive on this point. The *Autotech Controls* court expressly stated, in a case involving substantially reduced Illinois contracts, but in all relevant respects substantially similar to the case at bar, that allowing dismissal for lack of personal jurisdiction would " set a precedent which could be invoked to bar Illinois companies who have contracted with non-resident corporations to sell goods manufactured in Illinois, from vindicating their right by suing such corporations in Illinois courts. This would have catastrophic implication for Illinois commerce." *Autotech Controls Corporation v. K.J. Electric Corporation*, 628 N.E.2d at 996. See also *G.M. Signs, Inc. v. Kim Signs*, 231 Ill. App.3d 339, 596 N.E.2d 212 (holding that personal jurisdiction was proper over a defendant who transmitted purchase orders to an Illinois corporation via telephone and through written mail orders).

Under *Autotech Controls,* where a non-resident defendant has purposefully directed his activities to residents of Illinois, there is a presumption of jurisdiction for which the non-resident

defendant is required to present a compelling case that the presence of other considerations would render jurisdiction unreasonable. Jimmy Pleasant, as an officer of Economy, has failed to present any such compelling considerations.

It is clear from the relationship of the parties that TruServ is an Illinois-based cooperative. Specifically, the credit relationships between TruServ and Economy were ultimately governed through TruServ's Credit Services Department in Chicago, Illinois. This is evidenced by the termination letter sent to Economy from TruServ dated May 28, 1999. In addition to the supervision of credit relationships in Illinois, TruServ's buyers of merchandise and services are located in Illinois, members' orders are coordinated in Illinois and then relayed to its Regional Distribution Centers, members accounts are coordinated and updated in Illinois and TruServ's national advertising program is coordinated in Illinois.

Finally, it appears undisputed that Economy's breach "arose form" the Illinois-based relationship of the parties. TruServ filed this case as a direct result of the ongoing Illinois-based relationship of the parties. In *Aetna Cas. & Sur. Co. v. Crowther, Inc.*, 221 Ill. App.3d 275, 581 N.E.2d 833, (3rd Dist. 1991), the Illinois long-arm statute was further clarified. The *Aetna* court held that the minimum relationship required by the phrase "arising from" in subsection (f) of 735 ILCS 5/2-209 is that the plaintiff's action "be one which lies in the wake of the commercial activities by which the defendant submitted to the jurisdiction of Illinois courts". *Id.* at 835-36.

Defendants allege they had no contact with the State of Illinois yet they do not deny executing a Member Agreement and a Personal Guaranty providing for Illinois jurisdiction. Further, Defendants do not deny that Economy became a shareholder/owner of TruServ and continued its Membership in TruServ until May of 1999 receiving all the benefits and privileges

9

of an Illinois centralized operation and incurring all of the debt claimed due and owing in this case. Thus, jurisdiction is proper under subsection (a) of Section 5/2/-209 as the causes of action raised in this matter are clearly in the wake of Defendants' commercial relationship with TruServ.

### 1. PERSONAL JURISDICTION OVER DEFENDANT JIMMY PLEASANT

It is also undisputed that the Pleasants entered into personal guaranties and are liable for the indebtedness to TruServ. According to his own signature on the member Agreement entered into on July 3, 1995, on behalf of the Texarkana store, Jimmy Pleasant was the Secretary and Treasurer of Economy. As such he is a high-ranking officer who availed himself of the benefits of Economy's agreements with TruServ in Illinois.

Under Illinois law, the fiduciary shield doctrine prevents courts from asserting personal jurisdiction over nonresidents based on the fact that the person did not act on his own behalf. *Brujis v. Shaw*, 876 F. Supp. 975, 978 (N.D.Ill. 1995) citing *Rollins v. Ellwood*, 141 Ill. 2d 244, 656 N.E.2d 1302 (1990). In *Brujis*, the court determined that personal gain, discretionary actions, and ownership of most of a corporation's stock are all significant factors to consider in determining whether to exercise personal jurisdiction. *Id.* at 980. Accordingly, the court found that the defendant who owned a vast majority of stock in the corporation stood to benefit personally from its activities in Illinois. *Id.* The court further noted a factor it considered more important, that both defendants were senior corporate officers in a position to decide whether those contacts should be made at all. *Id.* Therefore, the court invoked personal jurisdiction over the defendants.

Similarly, Jimmy Pleasant is a high-ranking officer in Economy. He entered into the

10

Member Agreement and the personal guaranties to ensure the vitality of the corporation, and ultimately, his own financial security. He employed the services of TruServ in Illinois as well as purchasing its retail merchandise. It follows that personal jurisdiction against Jimmy Pleasant on each personal guaranty should be invoked.

In *Shapo v. Engle*, 1999 WL 1045086, No. 98 C 7909 (N.D. Ill. Nov. 12, 1999), the court encapsulates our position here.

> The Fiduciary shield doctrine is a limitation on the reach of Illinois' long-arm statute. [Citations omitted] It protects a non-resident from being haled into court in Illinois when that person's only contact with Illinois occurred in the course of working on behalf of that person's corporation. However, this defense to personal jurisdiction is unavailable to high-ranking corporate officers because individuals in these positions have a 'direct financial stake in the company's health and therefore can be subjected to personal jurisdiction for actions that result in both personal and corporate benefit'.

*Id.* at *22. Consequently, in *Shapo*, the court held that simply because the defendants were high-ranking officers, i.e. directors, chief financial officer, the fiduciary shield doctrine was unavailable to them, and they were subject to the court's personal jurisdiction. *Id.* Likewise, Jimmy Pleasant, being the Secretary and Treasurer of Economy, unequivocally a high-ranking officer, cannot avail himself of the fiduciary shield doctrine and this Court has personal jurisdiction over him. This doctrine is recognized by the courts of many states including Illinois–though it also has been criticized. See e.g., *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 527N.Y.S.2d 195, 100-202, 522 N.E.2d40, 44-47 (1998); *Columbia Briargate Co. v. First National Bank*, 713 F.2d 1052, 1055-77 (4th Cir. 1983); Robert A. Koenig, Comment, "Personal Jurisdiction and the Corporate Employee: Minium Contacts Meet the Fiduciary Shield," 38 Stan

L. Rev 813 (1986)—denies personal jurisdiction over an individual whose presence and activity in the state in which the suit is brought were solely on behalf of his employer or other principal. *Rollins v. Ellwood,* 141 Ill.2d 244, 152 Ill. Dec. 384, 395-400, 565N.E.2d 1302, 1313-18 (1990); *People ex rel. Hartigan v. Kennedy* 215 Ill. App.3d 880,159 Ill.Dec. 438, 445-46, 576 N.E.2d 107, 114-15 (1991). The shield is withdrawn if the agent was acting also or instead on his own behalf–to "serve his personal interests." *Rollins v. Ellwood, Supra,* 152 Ill.Dec. at 400, 565 N.E.2d at 1318.

Certainly, the mere fact that Defendant executed the personal guaranties to insure the debt of Economy to TruServ indicates the magnitude of his financial stake in the company and his interest in having it remain solvent and able to purchase merchandise and services from TruServ.

Moreover, this court has found personal jurisdiction existed under similar circumstances in *Continental Bank N.A. v. Everett,* 742 F. Supp. 508 (N.D.Ill. 1990) aff'd 964 F.2d 701 (7th Cir. 1992). In *Continental Bank* the court reasoned that as officers, directors, and shareholders in the corporation, co-defendants, guarantors of a bank loan, naturally had an interest in securing enough funds for the corporation's continued viability. *Id.* at 510. The Court reasoned that the defendants would benefit, albeit indirectly, from the corporation's ability to obtain the financing necessary for its operations. *Id.*

Defendant Jimmy Pleasant's decision to execute personal guaranties on all debts owed to TruServ by both the Taxarkana and Queen City stores leads undeniably to the same conclusion. Pleasant clearly benefitted from Economy's ability to obtain and continue to obtain merchandise and services from TruServ centralized in Illinois. Therefore, he cannot now claim that he did not subject himself to personal jurisdiction because he remained comfortably under the shelter of his

Texas store all the while transacting thousand of dollars worth of business with TruServ through Economy.

Another factor supporting personal jurisdiction in *Continental Bank* was that the loan agreement and guaranties ware to be performed in Illinois. *Id.* The performance of a contract alone has been held to be a sufficient basis for personal jurisdiction. *Id.* citing *Jacobs Kahan & Co. v. Marsh*, 740 F.2d. 587, 590 (7th Cir. 1984). The defendants' only obligation under the loan contract and guaranties was to repay the bank, and ultimately, they were responsible for ensuring that payment was made to the plaintiff bank in Chicago, *Illinois*. *Id.* " Since payment was due in Illinois, the loan agreement and guaranties were to be performed primarily in Illinois." *Id.* The instant case presents the same facts. Both of the guaranties were ultimately payable to TruServ in Illinois. The underlying debt was created by transactions between TruServ in Illinois and Economy. Therefore, this Court may invoke personal jurisdiction over Defendants Jimmy and Jayne Pleasant.

On July 31, 2000, this court entered a Consent Judgment in this matter stipulating that a judgment in the sum of $336, 981.34 would be entered in favor of TruServ and against ST Yards d/b/a/ Economy and Allen Butcher. These monies represent the accounts payable for services and merchandise from TruServ over the course of its relationship with Economy as stipulated by Allen Butcher. This judgment in its entirely remains due and payable to TruServ. The Pleasants entered into personal guaranties which guaranty the payments of the debts to induce TruServ to initially supply and then continue supplying such services and merchandise to Economy. Neither Economy, nor its other guarantors rendered payment, therefore, under the terms of the personal guaranties, the Pleasants are liable for this indebtedness.

13

In *Decatur Federal Savings and Loan Assoc. v. Thomas,* 1991 WL 171343, No. 90 C 6267 (N.D. Ill. Aug 29, 1991), the court entered summary judgment against the defendant guarantor on a debt in which he admitted the amount of the indebtedness and that his signature was on the personal guaranty although he did not recall signing it. Moreover, in *LINC Finance Corp. v. Onwuteaka,* 129 F. 3d 917 (7th Cir. 1997), the court affirmed summary judgment against the defendant under an equipment lease and personal guaranty. In *LINC,* the defendant raised a multitude of objections to summary judgment questioning subject matter jurisdiction, the validity of an assignment of *LINC's* claim, a defective prayer for damages, the admission of *LINC* employee affidavits, and other arguments, all of which the court stated do not "even come close to presenting a genuine issue of material fact undermining the district court's grant of summary judgment for *LINC.*" *Id.* at 924. Here, the Pleasants' only argument, advanced in their answer/letter to this Court, is lack of personal jurisdiction. Because the Pleasants have not disputed the effect of the forum selection clause in their contract there is no question that this Court has jurisdiction over them and because the Pleasants did enter into the personal guaranties which guarantied the payment of the debts of Economy the Peasants are liable for the subject indebtedness. Therefore, summary judgment is entered in favor of TruServe and against the Pleasants.

## CONCLUSION

For the reasons set forth above TruServ's motion for summary judgment is hereby granted. (#28). Judgment is entered in favor of TruServ and against Jimmy & Jayne Pleasent. The captioned case is hereby terminated. This is a final and appealable order.

SO ORDERED

ENTERED: 6/28/01

HON. RONALD A. GUZMAN
United States Judge